## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>Gordon Alexander Clark,<br><br>     Debtor. | Case No. 23-20642 (JJT)<br><br>Chapter 13 |
| Gordon Alexander Clark,<br><br>     Plaintiff,<br><br>v.<br><br>Santander Bank, N.A., Scott Powell,<br>Timothy Wennes, Pierre Habis,<br>Kenneth O'Neill, and John/Jane Doe(s),<br><br>     Defendants. | Adv. Pro. No. 23-02013 (JJT)<br><br>Re: ECF Nos. 1, 9, 10, 12, 13, 19, 20, 25, and 26 |

## MEMORANDUM OF DECISION GRANTING
## <u>DEFENDANTS' MOTIONS TO DISMISS ADVERSARY PROCEEDING</u>

<u>**APPEARANCES**</u>
Gordon Alexander Clark
*Pro se Plaintiff–Debtor*

Sara M. Buchanan
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
*Attorney for Defendants Santander Bank, N.A., Timothy Wennes,*
*Pierre Habis, Kenneth O'Neill, and John/Jane Doe(s)*

Patrick S. Tracy
Saul Ewing, LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
*Attorney for Defendants Santander Bank, N.A., Timothy Wennes,*
*Pierre Habis, Kenneth O'Neill, and John/Jane Doe(s)*

Sean R. Higgins
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
*Attorney for Defendant Scott Powell*

 Before the Court are the Motions to Dismiss Adversary Proceeding and accompanying memoranda of law ("Motions") filed by defendants Santander Bank, N.A. (ECF Nos. 9 and 10), Scott Powell (ECF Nos. 12 and 13), and Timothy Wennes, Pierre Habis, Kenneth O'Neill, and the John Doe defendants (ECF Nos. 19 and 20).[1] In the Motions, the Defendants argue that this adversary proceeding must be dismissed under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, as applied by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Specifically, the Defendants maintain that (1) the Court lacks subject matter jurisdiction over the adversary proceeding under the *Rooker–Feldman* doctrine, (2) the complaint fails to state a claim upon which relief can be granted, and (3) the claims are barred by res judicata and collateral estoppel. Debtor–Plaintiff Gordon Alexander Clark ("Debtor") filed a response in opposition to the Motions ("Opposition," ECF No. 25), to which the Defendants (other than Powell) replied (ECF No. 26). The Court held a hearing on December 21, 2023, at which the Court took the matter under

---

[1] Santander Bank, N.A. will be referred to as "Santander," the individual defendants will be referred to by last name or, collectively, as the "Individual Defendants," and all of the defendants collectively will be referred to as the "Defendants."

advisement. For the following reasons, the Motions are GRANTED and this

adversary proceeding is DISMISSED with prejudice.

## I.     BACKGROUND[2]

The Debtor filed his underlying Chapter 13 case on August 15, 2023. Just

three days later, he filed this 13-count adversary proceeding. As stated here (and

many other places), the Debtor filed this case to prevent the foreclosure by sale of

the Debtor's deceased wife's home (where he resides) in Enfield, Connecticut. *See,*

*e.g.*, ECF No. 30.

On November 22, 2019, Santander filed a complaint in the Connecticut

Superior Court seeking reformation of a mortgage for 70 Elm Street, Enfield,

Connecticut ("Property") and foreclosure of that mortgage as reformed. *Santander*

*Bank, N.A. v. Clark*, Judicial District of Hartford, No. HHD-CV-19-6120472-S,

Complaint (Conn. Super. Ct. Nov. 22, 2019) ("Foreclosure Action").[3] The mortgage

and the note underlying it were indisputably executed by Lillian J. Clark, the

Debtor's now-deceased spouse ("Ms. Clark")[4] for a home equity line of credit in 2008.

*Id.*, Dkt. Entry No. 292.00. The mortgage as recorded, however, did not contain a

detailed metes-and-bounds property description (but did reference the correct

address). *Id.* The Foreclosure Action thus sought reformation of the mortgage to

---

[2] Although, the Court assumes the parties' familiarity with the Complaint (ECF No. 1), the Motions, and all related filings, in issuing this Memorandum, the Court also discusses the relevant procedural history leading to this adversary proceeding.

[3] The Court takes judicial notice of the Foreclosure Action and all related proceedings in the Connecticut state courts.

[4] Ms. Clark reportedly passed away during the pendency of the Foreclosure Action. Disposition of the Property is apparently still pending in the North Central Connecticut Probate District. *In re Clark*, No. PD1121-0414 (Conn. Probate Ct.).

address the missing property description and to then foreclose on the Property for Ms. Clark's default on paying the note. *Id.*

Among those defendants with liens recorded subsequent to the mortgage to Santander was the Debtor for a purported lien of $300,000 dated February 12, 2012, and recorded the next day. *Id.*, Complaint.[5] The Superior Court docket is rife with various pleadings and motions filed by the Debtor, including 30 special defenses and two counterclaims, all of which were rejected in a comprehensive May 19, 2023 memorandum of decision by the Superior Court, which entered judgment on both the reformation and foreclosure counts. *Id.*, Dkt. Entry No. 292.00.

The Debtor filed two appeals from the Foreclosure Action, one of which was dismissed for lack of a final judgment, *Santander Bank, N.A. v. Clark*, No. AC 45927 (Conn. App. Ct. Jan. 5, 2023), and the other as frivolous. *Santander Bank, N.A. v. Clark*, No. AC 46473 (Conn. App. Ct. July 19, 2023). After reconsideration *en banc* of the second appeal was denied, the Debtor then filed with the Connecticut Supreme Court a petition for certification on October 3, 2023, and a petition for a writ of mandamus on November 17, 2023,[6] which are both currently pending. *Santander Bank, N.A. v. Clark*, No. SC 230179 (Conn.).

During the pendency of the Foreclosure Action, the Debtor filed suit in the United States District Court against, among others, the Defendants and Santander's attorneys. *Clark v. Santander Bank, N.A.*, No. 22-cv-00039-SVN, ECF

---

[5] A copy of the Debtor's Notice of Lien on the Property, which was filed on the Enfield Land Records, is attached to the Complaint.
[6] The Debtor filed the petition for a writ of mandamus which seeks an order from the Connecticut Supreme Court to the Superior Court forcing a jury trial in the Foreclosure Action.

No. 1 (D. Conn. Jan. 10, 2022) ("First District Court Action"). In the 21-count amended complaint filed on April 4, 2022, the Debtor demands compensatory damages in excess of $4 million for actions taken before and during the Foreclosure Action. *Id.*, ECF No. 72. After determining that the Debtor could not represent the estate of Ms. Clark *pro se*, *id.*, ECF No. 133, the District Court granted various motions to dismiss the amended complaint on October 27, 2023. *Id.*, ECF No. 200.[7]

Rather than replead, which the District Court had allowed in its dismissal order, the Debtor filed an entirely new, but comparable, action on November 20, 2023, against the Defendants, which also includes attorneys, the State of Connecticut, various state governmental officials and agencies, and the judges from the Foreclosure Action and its appeal. *Clark v. Conn.*, No. 23-cv-01527-SVN, ECF No. 1 (D. Conn. Nov. 20, 2023) ("Second District Court Action"). The 16-count complaint in the Second District Court Action alleges various constitutional, statutory, and tort violations associated with the Foreclosure Action and seeks, among other things, damages of $1.1 billion. *Id.*[8]

In the Complaint pending in the adversary proceeding before this Court, the Debtor has advanced the following counts:

1. Injunctive relief under 15 U.S.C. § 1116;
2. Failure to validate debt under 15 U.S.C. § 1692g;
3. Dischargeability of debt under 11 U.S.C. § 727;

---

[7] Both the dismissal of the First District Court Action and the ruling that the Debtor could not represent the estate of Ms. Clark *pro se* are pending appeal before the Second Circuit. *See Clark v. Santander Bank, N.A.*, No. 22-2965 (2d Cir. Nov. 17, 2022); *Clark v. Santander Bank, N.A.*, No. 23-7834 (2d Cir. Nov. 22, 2023). The Court takes judicial notice of the First District Court Action and all pending appeals.

[8] The Court takes judicial notice of the Second District Court Action and the Debtor's appeal of the District Court's *sua sponte* dismissal of the judge defendants. *See Clark v. Conn.*, No. 23-8105 (2d Cir. Dec. 28, 2023).

4.  Theft of real property under 18 U.S.C. § 1005;
5.  Negligence;
6.  Abuse of process;
7.  Financial fraud under 18 U.S.C. § 1005;
8.  Mortgage fraud under 18 U.S.C. § 1005;
9.  Mail fraud under 18 U.S.C. § 1341;
10. Violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692;
11. Conspiracy to commit financial fraud under 18 U.S.C. § 1005;
12. Conspiracy to interfere with civil rights under 42 U.S.C. § 1985; and
13. Violations of the Connecticut Unfair Trade Practices Act.

The factual essence of the dispute (both here and in every other case pending between the parties) is the Debtor's contentions that Santander and its employees conspired to steal the Property and that he was denied his constitutional entitlement to a jury trial in the Superior Court. This Court herein assesses (1) whether such allegations are within its subject matter jurisdiction and, if so, (2) whether they state any claim upon which relief can be granted.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary proceeding is not a core proceeding under 28 U.S.C. § 157(b)(2).[9]

---

[9] The Debtor failed to include a statement in the Complaint of whether he consents to entry of final orders or judgments by this Court, *see* Fed. R. Bankr. P. 7008, or to even indicate if his claims were core or non-core. The Defendants are not required to make this statement until filing a responsive pleading. Fed. R. Bankr. P. 7012(b). Nonetheless, none of the Defendants included such a statement, which the Court takes as their implicit consent to the extent the Court grants their Motions,

III.     STANDARD OF REVIEW

Under Rule 12(b) of the Federal Rules of Civil Procedure, as applied by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a party to an adversary proceeding may assert by motion, among other things, the defenses of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

In this Court's review of the Debtor's arguments, "[t]he pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of deciding motions pursuant to Rules 12(b)(1) and 12(b)(6)." *Zapotocky v. CIT Bank, N.A.*, 587 B.R. 589, 592–93 (S.D.N.Y. 2018) (citing *McKithen v. Brown*, 481 F.3d 89, 96 (2d. Cir. 2007); *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)). "The submissions of a pro se litigant should be interpreted to 'raise the strongest arguments that they suggest.'" *Id.* (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). While so generously construing the Debtor's allegations as urged by our jurisprudence, the Court cannot ignore where the Debtor misconceives the law, the authority of the Court, or his rights of access to justice.

A.  Subject Matter Jurisdiction

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [trial] court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d

_____

particularly because none of the Defendants has asked the Court to issue a report and recommendation to the District Court.

Cir. 2008); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 264 (D. Conn. 2010); *In re Salvatore*, 586 B.R. 371, 374 (Bankr. D. Conn. 2018). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at 170. "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (internal citations and quotation marks omitted). The plaintiff, as the party asserting subject matter jurisdiction, has the burden of proving by a preponderance of the evidence that it exists. *Id.*

    B. <u>Failure to State a Claim upon Which Relief Can Be Granted</u>

    The United States Supreme Court laid out a two-step test to evaluate a complaint's sufficiency. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, except for legal conclusions, all allegations contained in the complaint are accepted as true. *Id.* Second, the complaint must state a plausible claim for relief to survive dismissal. *Id.* at 679. The plaintiff makes a facially plausible claim when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A court may consider a res judicata defense on a Rule 12(b)(6) motion. *Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023).

When presented with a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6), the court should consider the Rule 12(b)(1) argument first because, if the court finds that it lacks subject matter jurisdiction, it cannot exercise jurisdiction over the merits of the claims to determine a motion brought under Rule 12(b)(6). *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

## IV.    DISCUSSION

### A.  The Court Dismisses All Claims Brought by the Debtor in His Representative Capacity

Before proceeding to the arguments made in the Motions, the Court first considers whether the Debtor has standing at all to raise the claims in this adversary proceeding. As listed in the Complaint, there are actually two plaintiffs: (1) the Debtor in his individual capacity and (2) the Debtor "in his capacities as husband, sole fiduciary, sole beneficiary, and sole creditor of the Estate of Lillian J. Clark[.]" In the First District Court Action, the District Court dismissed the claims brought by the Debtor in his representative capacity because it found that the Debtor was not the sole beneficiary or sole creditor of the probate estate of Ms.

9

Clark and thus could not represent that estate *pro se*. *Clark v. Santander Bank, N.A.*, No. 22-cv-00039-SVN, ECF No. 133 (D. Conn. July 13, 2023).

The Debtor here has alleged that he is the sole beneficiary and the sole creditor of the probate estate of Ms. Clark; however, the mere fact that he is suing Santander to somehow annul its creditor status refutes this allegation. Because the Debtor is not the sole creditor of the estate of Ms. Clark, he cannot represent that estate *pro se*. *Pridgen v. Andreson*, 113 F.3d 391, 393 (2d Cir. 1997) (executor "may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant"). "Under such circumstances, an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors, as here, will be affected by the outcome of the proceedings." *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998). Accordingly, all claims brought by the Debtor in his representative capacity must be dismissed for lack of subject matter jurisdiction.

The Court determines, however, that the Debtor does have standing to sue in his individual capacity based upon his status as a defendant in the Foreclosure Action through his purported lien on the Property. At the December 21, 2023 hearing, the Debtor indicated that that lien was effectively a gift from his spouse, as opposed to a duly executed mortgage or judgment lien. In the Superior Court's memorandum of decision, it ruled that the Debtor failed to meet his burden of proof as to his special defense that he had a valid, secured, and enforceable first lien position but made no additional findings that would indicate that the lien was

totally invalidated. Despite what appears to be dubious evidence that the Debtor has a lien on the property, its presence on the land records and his claim related thereto are enough for him to have standing in his individual capacity here.

   B.   The *Rooker–Feldman* Doctrine Does Not Apply

   In their Motions, the Defendants have all cited the *Rooker–Feldman* doctrine[10] as precluding this Court from exercising jurisdiction over the adversary proceeding. That doctrine concerns "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

   The Second Circuit has recently clarified that "[w]hen an appeal remains pending in state court, the state proceedings have not ended and *Rooker–Feldman* does not apply." *Hunter v. McMahon*, 75 F.4th 62, 65 (2023). Although a judgment of foreclosure by sale has been entered by the Superior Court and the appeal of that judgment dismissed as frivolous by the Connecticut Appellate Court, the Debtor has filed a petition for certification with the Connecticut Supreme Court seeking review of the Appellate Court's decision. Because the appellate process in state court had

---

[10] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

not concluded as of the date of the Complaint (and still has not as of this date),

*Rooker–Feldman* does not apply.[11]

## C. Counts 4, 7–9, and 11 Are Not Cognizable for Private Litigants

Counts 4, 7–9, and 11 all raise claims premised on federal criminal statutes.

"[F]ederal criminal statutes do not provide private causes of action." *Sheehy v.

Brown*, 335 F. App'x 102, 104 (2d Cir. 2009); *see also Rizvi v. Urstadt Biddle Props.

Inc.*, 791 F. App'x 282, 283 (2d Cir. 2020) (18 U.S.C. § 1341 does not confer private

right of action; *Hardie v. Grenier*, No. 84 Civ. 4710 (CSH), 1987 WL 33600, *1 n.1

(S.D.N.Y. Dec. 23, 1987) (same for 18 U.S.C. § 1005). Therefore, each must be

dismissed for failure to state a claim upon which relief can be granted. *See Rizvi*,

791 F. App'x at 283 n.1 (whether private right of action can be implied from statute

is sufficient federal question for subject matter jurisdiction).

## D. Res Judicata and Collateral Estoppel Bar Most Claims

Although the pending petition for certification prevents application of the

*Rooker–Feldman* doctrine, it does not prevent application of the principles of res

judicata and collateral estoppel.

"[A] federal court must give to a state-court judgment the same preclusive

effect as would be given that judgment under the law of the State in which the

judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75,

81 (1984). Res judicata and collateral estoppel:

---

[11] Because the Court determines that the petition for certification suffices to prevent application of the *Rooker–Feldman* doctrine, it need not consider whether the Debtor's petition for a writ of mandamus pending with the Connecticut Supreme Court would have likewise sufficed.

protect the finality of judicial determinations, conserve the time of the court and prevent wasteful relitigation. Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. Furthermore, to invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. Both issue and claim preclusion express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest.

*Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812–13, 695 A.2d 1010, 1017 (1997) (cleaned up). "Res judicata prevents litigation of all grounds for, *or defenses to*, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (emphasis added).[12] "[T]he obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty*, 199 F.3d at 613.

Additionally, although res judicata would apply to Santander and the Debtor as parties to the Foreclosure Action, it also applies to those in privity with the parties. The Individual Defendants, as past and present employees or agents of Santander, would qualify as Santander's privies. *See Summitwood Dev., LLC v.*

---

[12] The Debtor argues that res judicata and collateral estoppel do not apply because of his pending petitions for certification and a writ of mandamus before the Connecticut Supreme Court. "The fact that the judgment was appealed from makes no difference, because a party cannot litigate in a second action matters already concluded in a prior one. If the judgment appealed from is sustained, there is an end to the matter. If error is found and a new trial ordered, the party has his opportunity to retry the issues in the first action." *Barash v. Lembo*, 348 Conn. 264, 281, 303 A.3d 577, 588 (2023) (internal quotation marks omitted).

13

*Roberts*, 130 Conn. App. 792, 802–03, 25 A.3d 721, 726–27 (2011) ("[w]here a plaintiff in an action against an employee is defeated on the merits, the judgment is generally regarded as a bar to a subsequent action against the employer, and vice versa"). The Complaint does not allege that any of the Individual Defendants did anything outside of their roles as employees or agents. Thus, to the extent a claim against Santander is barred, it is barred as against the Individual Defendants.

Here, Counts 2, 4, 5, 7–10, and 13 are essentially identical to affirmative defenses raised by the Debtor in the Foreclosure Action. *Santander Bank, N.A. v. Clark*, Judicial District of Hartford, No. HHD-CV-19-6120472-S, Dkt. Entry No. 196.00 (Conn. Super. Ct. Apr. 29, 2022). In its memorandum of decision issued with its judgment of foreclosure by sale, the Superior Court found that the Debtor failed to meet his burden of proof on any of his special defenses. *Id.*, Dkt. Entry No. 292.00 (Conn. Super. Ct. May 19, 2023).[13] Because each of these claims were fully and finally litigated, Counts 2, 4, 5, 7–10, and 13 are barred as against Santander and Individual Defendants and must be dismissed for failure to state a claim upon which relief can be granted.

Count 6 must also be dismissed. In that count, the Debtor claims that the Defendants abused the legal process through the Foreclosure Action. Because this count necessarily implicates all the claims adjudicated—including the facts found and issues decided—it also fails through application of both res judicata and collateral estoppel.

---

[13] The Debtor also asserted a CUTPA violation as a counterclaim, which the Superior Court rejected.

14

E.  Counts 1, 3, and 12 Fail to State
    Claims upon Which Relief Can Be Granted

The remaining counts of the Complaint must also be dismissed for failure to state a claim upon which relief can be granted.

Count 1 seeks injunctive relief under 15 U.S.C. § 1116. That statute is part of the Lanham Act, which concerns federal trademarks and has nothing to do on its face with foreclosures or bankruptcy—nor has the Debtor plausibly alleged a basis on which to apply it. As such, the Debtor has failed to state a claim upon which relief can be granted in Count 1.[14]

Count 3 seeks dischargeability of debt under 11 U.S.C. § 727. That statute, which is part of the Bankruptcy Code, provides for the Court to grant a discharge unless certain exceptions are met. The statute is typically raised by a creditor or other party in interest seeking to have a debtor denied a discharge. Because it is otherwise self-executing (with exceptions inapplicable to this adversary proceeding), it does not provide a debtor with a private cause of action to nullify a debt. None of the Defendants have objected to the Debtor receiving a discharge, with the deadline to do so having passed. Moreover, Santander has not filed a claim in this bankruptcy case, ostensibly because the Debtor was not a signatory to the note and mortgage. Even if the Debtor were to be granted a discharge of the debt underlying the note, however, such would not render the mortgage unenforceable. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) ("the Code provides that a creditor's right

---

[14] Moreover, to the extent that Count 1 can be read more liberally to seek any type of injunctive relief, its allegations concern actions taken up to and including the Foreclosure Action, which are barred by res judicata because the claim could have been raised in that action.

to foreclose on the mortgage survives or passes through the bankruptcy" (citing 11 U.S.C. § 522(c)(2))). Count 3 thus fails to state a claim upon which relief can be granted.

Count 12 alleges a conspiracy to interfere with civil rights under 42 U.S.C. § 1985. "A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (internal quotation marks omitted). "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Id.* (internal quotation marks omitted). Besides Count 12 being conclusory, the Debtor fails to allege discriminatory animus or that the Defendants conspired to deprive the Debtor of equal protection or equal privileges and immunities under the laws. Accordingly, Count 12 fails to state a claim upon which relief can be granted.

F.  The Complaint Will Be Dismissed with Prejudice

Having decided that dismissal of all counts is warranted, the Court must decide whether to allow the Debtor to amend his pleadings. The Court determines that such would be futile and thus declines to do so.

Under Federal Rule of Civil Procedure 15(a), as applied by Rule 7015 of the Federal Rules of Bankruptcy Procedure:

(1)    Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

    (A)    21 days after serving it, or

    (B)    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2)    Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Service of the Complaint was effectuated on August 21, 2023 (ECF No. 4) and the last of the Motions was filed on September 18, 2023 (ECF No. 19). Thus, the deadline to file an amended complaint without leave was October 9, 2023. Because it is obvious that the Defendants will not consent to amendment, that means amendment is only possible with this Court's leave, which the rule says it "should freely give leave when justice so requires." *Id.* Under this "liberal and permissive standard, . . . the only grounds on which denial of leave to amend has been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 1112 (2022). Although the first three grounds would potentially require the Court to hear and weigh evidence, the Court has more than enough information from the record of prior proceedings to determine whether any amendment would be futile.

"Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,

681 F.3d 114, 119 (2d Cir. 2012). Although the Debtor has not moved to amend the Complaint, it is evident that he will not do so in a manner that cures the noted deficiencies or states a claim. As noted above, the counts alleged in the Complaint largely mirror those listed among the Debtor's affirmative defenses and counterclaims in the Foreclosure Action. Almost all of them were lifted directly from his complaint in the First District Court Action. *See Clark v. Santander Bank, N.A.*, No. 22-cv-00039-SVN, ECF No. 72 (D. Conn. Apr. 5, 2022). The Debtor's pattern has thus been to attempt to relitigate his claims in another lawsuit in other forums when it is apparent that they will not pass muster in their current setting. The Court thus finds that any attempt to amend the Complaint would be futile and only fuel further dilatory, repetitive, and wasteful litigation.[15]

## V.      CONCLUSION

For the foregoing reasons, the Motions are GRANTED. A separate order will enter dismissing this adversary proceeding.

IT IS SO ORDERED at Hartford, Connecticut this 11th day of January, 2024.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[15] Although the Second Circuit has said that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once[,]" this is qualified by the requirement that "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). A determination that a complaint is futile is also determination that a valid claim cannot be stated, which the Second Circuit seemed to recognize by immediately following its statement with the qualification that "leave to amend a complaint may be denied when amendment would be futile." *Id.* (internal quotation marks omitted).