# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>Gordon Alexander Clark,<br><br>    Debtor. | Case No. 23-20642 (JJT)<br><br>Chapter 13 |
| Gordon Alexander Clark,<br><br>    Plaintiff,<br><br>v.<br><br>Santander Bank, N.A., Scott Powell, Timothy Wennes, Pierre Habis, Kenneth O'Neill, and John/Jane Doe(s),<br><br>    Defendants. | Adv. Pro. No. 23-02013 (JJT)<br><br>Re: ECF No. 38, 43, 46, 47 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING DEBTOR'S REQUEST FOR CERTIFICATION**

On January 12, 2024, the Debtor filed his Notice of Direct Appeal to the United States Court of Appeals for the Second Circuit and Request for Certification ("Notice" and "Request" ECF No. 38). The Notice pertains to the Court's granting all defendants' motions to dismiss this adversary proceeding (ECF Nos. 35, 36). After the Court issued a scheduling order to respond to the Request (ECF No. 43), *see* Fed. R. Bankr. P. 8006(f)(3), the Defendants filed timely responses (ECF Nos. 46, 47). In the Request, the Debtor purported to self-certify that the parameters listed in 28 U.S.C. § 158(d)(2)(A) were met to warrant a direct appeal to the Second Circuit. The Court disagrees and therefore the Request is DENIED.

> Under § 158(d)(2)(A):
>
> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

Under the plain language of this statute, certification only happens if (1) the Court sua sponte does it; (2) the Court does on a party's motion; or (3) all of the affected parties jointly do so. Because neither (1) or (3) have occurred, the Court takes the Request to be a motion by the Debtor asking this Court to certify his appeal to the Second Circuit.[1]

As noted by the Defendants in their responses, although the Debtor states in the Request that all three of the parameters spelled out in § 158(d)(2)(A) have been met, he provides no law or facts that would demonstrate that any of them have been met.[2] *See* Fed. R. Bankr. P. 8006(f)(2). Moreover, the Court finds that none of these

---

[1] Because the Court interprets the Request as a motion to this Court, only a majority of the appellants and majority of the appellees would be necessary for certification—but no appellee has requested certification.

[2] The Debtor alludes to a disagreement with the Court granting the various motions to dismiss despite the Debtor's motion for summary judgment (ECF No. 30), which he filed the day before the hearing on the motions to dismiss, being pending. But the motions to dismiss raised issues of subject matter jurisdiction, which federal courts are obligated to address before addressing any merits arguments. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Moreover, "[a]lthough [Rule 56(b)] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a

circumstances has been met. Therefore, the Court has treated the Notice as a routine appeal to the District Court. *See In re Hephzibah*, No. 18-40381-KKS, 2020 WL 4000871, at *3 (Bankr. N.D. Fla. May 6, 2020).

The Request is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 29th day of January, 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Comm. Notes to 2010 amend. Even if the Court were to disregard these principles—which in the case of subject matter jurisdiction, it cannot—the Debtor's motion for summary judgment did not even warrant consideration on its face because it failed to comply with the requirements of the federal and local rules. *See* Fed. R. Civ. P. 56; D. Conn. L. Civ. R. 56.